## Merchants Nat. Bank *v.* Mosser.  Kaufman's Appeal.

*Judgment—Agreement to continue lien—Sheriff's sale.*

Where a judgment has been paid in full, the parties may lawfully agree that it shall not be satisfied of record, but shall remain as collateral for a new loan made or to be made. Judgment creditors whose liens accrue subsequently to the agreement cannot object to it.

Argued April 27, 1894. Appeal, No. 406, Jan. T., 1894, by J. L. Kaufman et al., from order of C. P. Cumberland Co., May T., 1893, No. 482, distributing proceeds of sheriff's sale of property of John C. Mosser, at suit of Merchants National Bank of Carlisle. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

From the report of the auditor, S. M. Leidich, Esq., it appeared that in 1892 the Merchants National Bank held a judgment against John C. Mosser for $500. This judgment was paid, but H. R. Mosser, father of J. C. Mosser, and agent for the son, entered into an agreement with the bank Nov. 19, 1892, by which the judgment should not be satisfied of record, but should stand as collateral security for other loans. This agreement was in writing but was not dated. It was filed with the papers of the case March 31, 1893. In 1893, the bank obtained another judgment against Mosser, and under this judgment Mosser's property was sold by the sheriff. The auditor found that the agreement by which the lien of the first judgment was to continue was invalid against all the judgment creditors existing at the date of the sheriff's sale, and refused to award any part of the fund to the payment of the judgment whose lien was continued by agreement.

Exceptions to the auditor's report were sustained by the court, in the following opinion, by STEWART, P. J., specially presiding. Reported, 3 Dist. Repts. 90:

" If it be competent for the parties to a judgment by their own parol· agreement to change the purposes for which it may be held,—and that they may do so is not open to question,—I see no reason why such parol agreement may not be entered into on behalf of either by an agent acting under parol authority. Here the fact clearly appears that there was a parol agreement between the bank and one H. R. Mosser, who assumed to be acting for J. C. Mosser, the defendant, to the effect that the judgment, which was originally given as collateral security for a note of the defendant which had been discounted by the bank, should be continued after the extinguishment of this note, as security for the renewals of certain overlying notes on which this defendant was indorser and which were held by the bank. It is immaterial, in any aspect of the case, that H. R. Mosser, the agent, was acting under a parol authority. Such authority would be sufficient for any act which his principal might do by parol.

" Furthermore, in this case no one can be heard to object to the sufficiency of the agent's authority, except the defendant in the judgment. His act affected no one at the time but the

parties to the judgment. The plaintiff seeks to enforce the agreement, and the defendant is not resisting. The parties complaining acquired whatever interest they have long after the transaction. It is familiar law that a stranger has no right to object that an agent exceeded his power, for which it is unnecessary to cite authorities.

" The agreement here set up by the bank was abundantly proved, as was also the consideration which supported it. The overlying notes indorsed by the defendant were renewed only because it was agreed that the judgment should remain as collateral security therefor. The bank's judgment was entered July 29, 1892, and this agreement was made Nov. 19th, following, when but a very small amount of the original debt remained unpaid. Not for two months after the agreement were any of the judgments entered to which the auditor has awarded the fund, and then but one of them, the others following in March after. Before any of them were entered, the original indebtedness had been wholly paid. No interest whatever could possibly have attached to these later judgment creditors, when the original debt was extinguished, for the reason that they were strangers to the transaction; as judgment creditors they had not at that time come into existence. The subsequent judgment creditors against whom an agreement of this kind will not operate, are those whose liens were in existence at the time, and who would be prejudiced thereby. As against such the agreement could not be enforced, because its effect would be to postpone their liens in favor of a subsequently contracted indebtedness of the judgment debtor, and thus disturb acquired rights. Not so with those who obtain their liens at a later period; they have no rights to be disturbed, and they can be heard to assail the judgment only as they seek to show a fraudulent purpose therewith, and collusion between the parties thereto.               •

" The authorities relied upon by the auditor certainly hold that such an agreement as we have here is void as against subsequent creditors; but they are inapplicable, inasmuch as the parties contending for this fund to the exclusion of the bank, though subsequent judgment creditors to the bank, were not such creditors in existence at the time when the agreement was entered into. If the expression subsequent creditors, as used

in these authorities, is to include all who may at any subsequent period become creditors, of what value is the right, which all the authorities concede to be in the judgment debtor, to continue the lien of the judgment for a purpose other than that originally intended, and how can such judgment be any protection or security to the plaintiff under such agreement?

" I am of opinion that the agreement of Nov. 19, 1892, operated to continue the lien of judgment No. 245, Sept. T., 1892, in favor of the Merchants National Bank, and that under said judgment the bank is entitled to receive out of the fund for distribution the balance due upon the notes for which it was given as collateral security."

*Error assigned* was above order.

*A. G. Miller* for appellant, cited : 3 Trickett on Liens, p. 348 ; Peirce v. Black, 105 Pa. 342 ; Mitchell v. Coombs, 96 Pa. 430 ; Mode's Ap., 6 W. & S. 280 ; Freeman v. Ruston, 4 Dallas, 214 ; Gibson v. Tedd, 1 Rawle, 452 ; Thomas v. Jarden, 57 Pa. 331 ; Loverin v. Humboldt Co., 113 Pa. 6 ; Waters v. Largy, 5 Rawle, 130 ; Wood v. Vanarsdale, 3 Rawle, 401 ; Anderson v. Neff, 11 S. & R. 208 ; Coyne v. Souther, 61 Pa. 455 ; Price's Ap., 84 Pa. 141 ; Bower v. Oyster, 3 P. & W. 239 ; Thomas's Ap., 30 Pa. 378 ; Kinley v. Hill, 4 W. & S. 426 ; Loomis's Ap., 22 Pa. 312 ; Irwin v. Tabb, 17 S. & R. 419 ; Asay v. Hoover, 5 Pa. 21 ; Shitz v. Diffenbach, 3 Pa. 233 ; Wetherill's Ap., 3 Grant, 281 ; Hendrickson's Ap., 24 Pa. 363 ; Winton's Ap., 2 Cent. R. 601 ; Patterson v. Forry, 2 Pa. 456 ; De La Vergne v. Evertson, 1 Paige, Ch. 181 ; Bergen v. Boerum, 2 Caine, 256 ; Keller v. Leib, 1 P. & W. 220 ; Kuhn v. North, 10 S. & R. 399 ; Rudy's Ap., 94 Pa. 338 ; Aulenbaugh v. Umbehauer, 8 Watts, 48 ; Baker v. McDowell, 3 W. & S. 358 ; Troup v. Wood, 4 Johns. Ch. 228 ; Anderson v. Neff, 11 S. & R. 208 ; Craft v. Webster, 4 Rawle, 242 ; Moorehead v. Duncan, 82 Pa. 488 ; Budd v. Olver, 148 Pa. 194 ; Kistler v. Mosser, 140 Pa. 367 ; Ridgway's Ap., 15 Pa. 177 ; Meigs v. Bunting, 141 Pa. 233 ; Shenk's Ap., 33 Pa. 371.

*E. W. Biddle*, for appellee, cited : Peirce v. Black, 105 Pa. 342 ; Cover v. Black, 1 Pa. 493 ; Reed's Ap., 13 Pa. 475 ; Mor-

ris v. Ziegler, 71 Pa. 450 ; Shrewsbury Savings Institution's Ap., 94 Pa. 309 ; National Bank's Ap., 85 Pa. 528 ; Meckley's Ap., 102 Pa. 536. For correct report of Mitchell v. Coombs, 96 Pa. 430, see 11 W. N. 70.

PER CURIAM, May 7, 1894 :

For reasons given by the learned judge who specially presided at the hearing, we think there is no error in the decree. All that is necessary to be said in relation to the questions involved will be found in his opinion.

Decree affirmed and appeal dismissed with costs to be paid by appellants.