Argued and submitted March 4, affirmed October 19, 1988

# STATE ex rel REID et al,
*Appellants,*

*v.*

# FROHNMAYER,
*Respondent.*

## (87C10737; CA A44662)

763 P2d 733

James F. McCaffrey, Tigard, and Wayne C. Annala, Hood River, argued the cause for appellants. With James F. McCaffrey on the brief was James F. McCaffrey, P.C., Tigard.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs in this mandamus action are victims of salmonella poisoning caused deliberately by persons associated with various Rajneesh-affiliated organizations. They contend generally that the defendant Attorney General's allocation of proceeds from his settlement of an action under the Oregon Racketeer Influenced Corrupt Organizations Act, ORS 166.715 to ORS 166.735 (ORICO), violated that act. Their principal disenchantment is that the settlement gives preference to certain claims, including defendant's litigation fees and expenses, over plaintiffs' claims for compensation from the settlement fund.[1] The trial court dismissed the alternative writ, plaintiffs appeal and we affirm.

Defendant contends, in essence, that he has no mandatory duty to allocate funds to plaintiffs in the way that they contend the statutes require and that plaintiffs are not entitled to mandamus relief, because they have an adequate remedy in the ordinary course of law. Plaintiffs rely on ORS 166.725(1) and (2), which make the courts' and the state's dispositions of racketeering-related assets subject to the "rights of innocent persons." We do not agree that those references to "innocent persons" relate to victims of racketeering crimes; in context, they appear instead to contemplate persons who have interests in assets which have been obtained through or used in racketeering activities but who were not participants in the illegal actions.

Plaintiffs also rely on ORS 166.725(7)(c), which provides:

"Any injured person shall have a right or claim to forfeited property or to the proceeds derived therefrom superior to any right or claim the state has in the same property or proceeds."

Again, however, they disregard the context of the provision.

---

[1] The ORICO action was based, in part, on the salmonella poisoning episode. The settlement made provision for a victim relief fund, from which plaintiffs can secure compensation.

They contend, however, that the priorities and the amount of compensation that defendant contemplates for them are lower and less than the statutes require. After the settlement process was well advanced, plaintiffs moved to intervene in the ORICO action. The trial court denied the motions, and we affirmed that ruling without opinion. *State ex rel Frohnmayer v. Rajneesh Foundation International et al v. Reid et al,* 87 Or App 57, 740 P2d 1243 (1987).

Civil ORICO actions by the Attorney General are authorized and governed by ORS 166.725(5). ORS 166.725(7), which contains the subsection on which plaintiffs rely, gives persons injured by ORICO violations private causes of action. Neither that subsection nor any other provision cited by plaintiffs imposes any mandatory duty on defendant of the kinds plaintiffs urge.

■　　　We also agree with defendant that plaintiffs have an adequate remedy at law. ORS 166.725(7) confers it. Plaintiffs contend that their right of action against the Rajneesh organizations is illusory, because defendant's action and other events have made recourse to the organizations' assets implausible. Whether or not that is so, the remedy is not inadequate. Plaintiffs had a claim before defendant brought his action, and they still have what amounts to an election of remedies; they may bring an action pursuant to ORS 166.725(7) or seek compensation from the settlement proceeds in accordance with defendant's allocation plans. They are no more faced with a Hobson's choice—nor are they any more entitled to mandamus—than if other *private* plaintiffs had obtained a judgment which rendered persons whom plaintiffs later decided to sue judgment proof.[2]

　　　Affirmed.

---

[2] Plaintiffs' other arguments do not require discussion.