Argued and submitted February 25, decision of Court of Appeals affirmed; case remanded to trial court for further proceedings June 18, 2009

STATE ex rel Susan DEWBERRY,
Carole Holcombe, Suzane Danielson
and Arnold Buchman,
*Respondents on Review,*

*v.*

The Honorable Theodore R. KULONGOSKI,
Governor of the State of Oregon;
and other Executive Officers in the State of Oregon,
*Petitioners on Review.*

(CC 16-03-23044; CA A124001; SC S056410)

210 P3d 884

Anna M. Joyce, Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the briefs were Hardy Myers, Attorney General, Stephanie L. Striffler, Special Counsel to the Attorney General, and Mary H. Williams, Solicitor General.

Kelly Clark, O'Donnell Clark & Crew, LLP, Portland, argued the cause for respondents on review. With him on the briefs was Kristian Roggendorf.

Craig J. Dorsay, Dorsay & Easton LLP, Portland; Howard G. Arnett, Dennis C. Karnopp, Karnopp Petersen LLP, Bend; Wayne Shammel, Roseburg; Dan Hester, Hester & Zehren LLC, Louisville, Colorado; Kimberly D'Aquila, Tribal Attorney Office, Grande Ronde; Edmund Clay

Goodman, Hobbs, Straus, Dean & Walker, LLP, Portland; Brett Kenney, Tribal Attorney, North Bend, and Dirk E. Doyle, Roseburg, filed a brief on behalf of *amici curiae* Confederated Tribes of Siletz Indians of Oregon, The Confederated Tribes of the Warm Springs Reservation of Oregon, The Cow Creek Band of Umpqua Tribe of Indians, The Confederated Tribes of the Umatilla Reservation, The Confederated Tribes of the Grand Ronde Community of Oregon, the Klamath Tribes, and the Coquille Indian Tribe.

DE MUNIZ, C. J.

## DE MUNIZ, C. J.

Relators filed a petition for a writ of mandamus in Lane County Circuit Court in 2003, challenging the Governor's authority to enter into a gaming compact with the Confederated Tribes of Coos, Lower Umpqua, and Suislaw Indians (the Tribes). Under the compact, the Tribes would be permitted to open a casino near Florence, Oregon. On the state's motion, the trial court dismissed relators' petition on two grounds: (1) relators had failed to show that they had no adequate remedy at law; and (2) relators had failed to join the Tribes in the action, in violation of ORCP 29 A.[1] Relators appealed, and the Court of Appeals reversed and remanded. We allowed the state's petition for review, and we now affirm the Court of Appeals decision.

In 2002, the Governor negotiated an amended gaming compact with the Tribes, pursuant to ORS 190.110[2] and the Indian Gaming Regulatory Act, 25 USC §§ 2701-2721, to operate a casino near Florence. That gaming compact was finalized in early 2003. Relators, who reside in or near Florence, first challenged that compact by filing a petition for a writ of mandamus in this court in September 2003. This court denied that petition.

---

[1] ORCP 29 A provides:

"A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that person claims an interest relating to the subject of the action and is so situated that the disposition in that person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. If such person has not been so joined, the court shall order that such person be made a party. If a person should join as a plaintiff but refuses to do so, such person shall be made a defendant, the reason being stated in the complaint."

[2] ORS 190.110(1) provides:

"In performing a duty imposed upon it, in exercising a power conferred upon it or in administering a policy or program delegated to it, a unit of local government or a state agency of this state may cooperate for any lawful purpose, by agreement or otherwise, with a unit of local government or a state agency of this or another state, or with the United States, or with a United States governmental agency, or with an American Indian tribe or an agency of an American Indian tribe. This power includes power to provide jointly for administrative officers."

Shortly thereafter, relators filed a mandamus proceeding in Lane County Circuit Court, naming the Governor of Oregon and "other executive officers" as defendants. In that proceeding, relators argued that, in executing the compact, the Governor had acted unconstitutionally in two ways: (1) he had violated Article XV, section 4(12), of the Oregon Constitution, which, relators argue, prohibits the operation of casinos in the State of Oregon;[3] and (2) he had violated the separation of powers provisions of Article III, section 1, Article IV, section 1, and Article V, section 10, of the Oregon Constitution.[4] Relators requested that the court make findings in accordance with those allegations and to hold that the compact was void. Relators also requested that the court command defendants to "ensure that no state agency or any Executive officer will take any act in furtherance of the Compact[.]"

The state moved to dismiss relators' petition on three grounds: (1) that mandamus relief was not available because relators had an adequate remedy at law in the form of a declaratory judgment action; (2) that relators failed to join the Tribes, which, the state argued, were indispensable parties under ORCP 29; and (3) that relators' petition was not timely. As noted, the trial court granted the state's motion on the first two grounds.

Relators immediately appealed, but moved to hold the appeal in abeyance in order to pursue a declaratory judgment action. Relators then filed a declaratory judgment

---

[3] Article XV, section 4(12), states, "The Legislative Assembly has no power to authorize, and shall prohibit, casinos from operation in the State of Oregon."

[4] Article III, section 1, provides:

"The powers of the Government shall be divided into three seperate [sic] departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Article IV, section 1, provides, in part:

"(1) The legislative power of the State, except for the initiative and referendum powers reserved to the people, is vested in a Legislative Assembly, consisting of a Senate and a House of Representatives."

Article V, section 10, provides:

"[The Governor] shall take care that the Laws be faithfully executed."

action against the state and the Tribes in Lane County Circuit Court in March 2004. The state removed the case to federal court. The federal district court dismissed the declaratory judgment action in December 2005, after concluding that relators lacked standing and that the Tribes enjoyed sovereign immunity. *Dewberry v. Kulongoski*, 406 F Supp 2d 1136 (2005). Following that dismissal, relators reactivated their appeal.

Before the Court of Appeals, relators offered three arguments: (1) the trial court erred procedurally by not issuing an alternative writ of mandamus on receipt of relators' petition, as required by ORS 34.130; (2) the trial court erred in dismissing the petition based on the availability of a declaratory judgment action, which was not an adequate remedy at law; and (3) the trial court erred in concluding that ORCP 29 A, concerning joinder of parties, applied to mandamus proceedings. In addition to countering those arguments, the state argued, as an alternative basis for affirmance, that relators were precluded from litigating issues that had already been litigated in the declaratory judgment proceedings in federal court.

The Court of Appeals disposed of relators' first argument by concluding that any error committed by a trial court in failing to follow the precise procedure set forth in ORS 34.130 was harmless. *State ex rel Dewberry v. Kulongoski*, 220 Or App 345, 350, 187 P3d 220 (2008).

As to relators' other arguments, the Court of Appeals first analyzed whether ORCP 29 applies to the circuit court mandamus proceeding. *Id.* at 351. That court concluded that ORCP 29 A does not apply to a mandamus proceeding, because the statute governing mandamus actions specifies a different procedure as to parties. *Id.* at 353-54. ORCP 1 A, the court noted, states that the Oregon Rules of Civil Procedure apply in "all civil actions and special proceedings * * * *except where a different procedure is specified by statute* or rule." *Id.* at 351 (emphasis added by Court of Appeals). After reviewing the procedures governing joinder of parties outlined in ORCP 29 A and the procedures governing parties outlined in the mandamus statute, the court concluded that the mandamus provisions "differ[ed] in substance from the provisions of

ORCP 29[.]" *Id.* at 353. ORCP 29 A, the court explained, governs the joinder of a "broad class of persons—including persons 'claim[ing] an interest relating to the subject of the action' whose 'ability to protect that interest' may be 'impair[ed] or impede[d]' by a disposition in their absence." *Id.* (quoting ORCP 29 A). The court contrasted ORCP 29 A with the mandamus statute, which provides that the only required parties to a mandamus proceeding are a "relator" and a "defendant." *Id.* The court also noted that the mandamus statute provided that "adverse parties" *may* participate in mandamus proceedings by way of intervention, but did not require that they do so. *Id.* at 354. Based on those differences, the court concluded that ORCP 29 does not apply in mandamus proceedings. *Id.*

The Court of Appeals then addressed whether the trial court erred in dismissing relators' mandamus petition because relators have a " 'plain, speedy and adequate' " alternate remedy, in the form of a declaratory judgment action under the Uniform Declaratory Judgments Act. *Id.* at 355 (quoting ORS 34.110). In answering the question in the affirmative, the Court of Appeals explained that two circumstances led to its conclusion: (1) the Tribes' participation in the declaratory judgment action was a jurisdictional prerequisite to the availability of an adjudication on the merits of that action, and (2) the satisfaction of that prerequisite was a matter entirely within the Tribes'—and not relators'—control. *Id.* at 358-59. ORS 28.110 requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]" *Id.* at 355-56. The court reasoned that that requirement was jurisdictional and, therefore, any declaratory judgment action pursued by relators could not proceed without the Tribes' participation, as the Tribes are signatories to the challenged compact. *Id.* at 359. Because the Tribes could invoke sovereign immunity, the Tribes controlled their participation in the action and, therefore, also controlled the availability of declaratory relief. *Id.* For those reasons, the Court of Appeals held that a declaratory judgment action affords relators neither a "plain" nor "adequate" remedy. *Id.*

Finally, the Court of Appeals rejected the state's claim preclusion argument because it was not and could not

have been pleaded before the trial court.[5] *Id.* at 360. The Court of Appeals concluded that the trial court erred in dismissing relators' mandamus petition and, therefore, reversed and remanded. *Id.* at 361. We allowed the state's petition for review.

We begin with a brief review of the background and purpose of the writ of mandamus. Mandamus has its origins in England, where the writ was "a command of the central courts, in the name of the sovereign, requiring a local official to do his duty." *State ex rel Kashmir Corp. v. Schmidt*, 291 Or 603, 608, 633 P2d 791 (1981). Under Oregon law, the writ may be issued to "any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins[.]" ORS 34.110. A writ of mandamus is an extraordinary remedy, awarded upon equitable principles, and is a special proceeding with pleading and practice requirements that are different from ordinary legal actions. *Buell v. Jefferson County Court*, 175 Or 402, 408-09, 152 P2d 578, 154 P2d 188 (1944). This court has stated that " '[t]he primary purpose or function of a writ of mandamus is to enforce an established right, and to enforce a corresponding imperative duty created or imposed by law.' " *State ex rel Venn v. Reid*, 207 Or 617, 624, 298 P2d 990 (1956) (quoting 55 CJS *Mandamus* § 51). A writ of mandamus "shall not control judicial discretion" and "shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110.

Turning to the questions presented, we first address whether ORCP 29 A applies to mandamus proceedings. The state contends that, when a mandamus proceeding does not arise out of judicial or administrative proceedings, ORCP 29 A governs to determine the necessary parties. Relators, on the other hand, contend that the mandamus statutes set out procedures that are different from and are inconsistent with ORCP 29 A respecting the necessary parties and, therefore, ORCP 29 A does not apply to mandamus proceedings. For the following reasons, we agree with relators and conclude that ORCP 29 A does not apply to mandamus proceedings.

---

[5] The state does not assert that argument on review in this court.

■■ The Oregon Rules of Civil Procedure "govern procedure and practice in all circuit courts of this state, * * * for all civil actions and special proceedings * * *." ORCP 1 A. ORCP 1 A also limits the applicability of the Oregon Rules of Civil Procedure by excluding cases "where a different procedure is specified by statute or rule." As quoted above, ORCP 29 A governs joinder of necessary parties, requiring that certain parties be joined in an action in which complete relief cannot be accorded without those parties, in which those parties' absence may impair their ability to protect their interest, or in which those parties' absence may leave other parties subject to inconsistent or multiple obligations. If the statute governing mandamus proceedings specifies a "different procedure" than ORCP 29 A regarding joinder of parties, ORCP 29 A does not apply to mandamus proceedings. ORCP 1 A.

ORS 34.105 defines the parties to mandamus proceedings. ORS 34.105(4) defines "relator" as "the beneficially interested party on whose relation a mandamus proceeding is brought." A "defendant" in a mandamus proceeding is "the court, corporation, board, officer or person against whom relief is sought in a mandamus proceeding." ORS 34.105(3). An "adverse party" is a "beneficially interested party *to a judicial or administrative proceeding* from which a mandamus proceeding arises, whose interests are adverse to the relator." ORS 34.105(1) (emphasis added).

ORS 34.130 outlines various procedures applicable to mandamus proceedings, including filing requirements, service requirements, and intervention by adverse parties. As to intervention of parties, ORS 34.130(4)(a) provides that, prior to the return date of an alternative writ, "any adverse party *may intervene* in the mandamus proceeding as matter of right" and, after that date, "the court in its discretion may allow an adverse party to intervene." ORS 34.130 does not state that any parties, other than a relator and a defendant, are *required* to participate. Under the mandamus statute, therefore, the only required parties in a mandamus proceeding are the relator and the defendant. Adverse parties are *permitted*, but not required, to intervene in the action in all circumstances. ORS 34.130(4). Put another way, no party other than the defendant is *required* to be joined by the relator in the mandamus proceeding.

The state contends that the reference in ORS 34.130(4) to adverse parties concerns only those mandamus actions that arise from judicial or administrative proceedings. We agree, insofar as that is how ORS 34.105(1) defines "adverse party." The state then goes on to argue that, because the mandamus statute is silent as to the parties to a mandamus proceeding that does not arise from a judicial or administrative proceeding, ORCP 29 A must apply to fill in the gap. We disagree. The structure of the mandamus statute makes clear that an interested party who is not a relator or a defendant in any mandamus proceeding has, at most, a right to seek to intervene. If the state's contention were correct, and the necessary parties to a mandamus proceeding varied depending on whether that proceeding arose from a judicial or administrative proceeding, then a "necessary" party to a mandamus proceeding that did not arise from a judicial or administrative proceeding would have greater rights to participate in such a case than would an adverse party to a circuit court proceeding that gave rise to a mandamus action. Such a result cannot be what the legislature intended by its reference to adverse parties in the mandamus statute.

The foregoing construction is supported by the fact that the legislature included specific references to the Oregon Rules of Civil Procedure elsewhere in the mandamus statute. For example, ORS 34.130(2) requires a relator to "serve a copy of the petition on the defendant and, if the mandamus proceeding arises from a judicial or administrative proceeding, on all parties to that proceeding." That subsection further states that service is "sufficient if it complies with ORCP 9 B." ORCP 9 is invoked again in the subsection governing service of the writ. ORS 34.140(1). No similar reference to ORCP 29 A appears anywhere in the mandamus statute.[6]

To summarize, ORCP 29 A mandates that certain persons be joined in an action in circumstances where complete relief cannot be accorded without the participation of a person or where the person's ability to protect his or her

---

[6] We do not imply that only those rules mentioned specifically in the mandamus statute apply in mandamus proceedings. Instead, we merely note that the legislature could have referred to ORCP 29 A in the provisions of the mandamus statute concerning intervention and parties had it intended that rule to apply to mandamus actions.

interests will be impeded or impaired. The procedure outlined in the mandamus statute, ORS 34.130(4), on the other hand, *allows* interested parties to seek intervention and *requires* the participation of only a relator and a defendant. Because the mandamus statute specifies a "different procedure" than the procedure contained in ORCP 29 A, ORCP 29 A does not apply to mandamus proceedings. ORCP 1 A. It follows that the trial court erred in concluding that ORCP 29 A required that relators join the Tribes in this mandamus action.

■     We turn now to whether a declaratory judgment action is a "plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110. If a declaratory judgment action is a plain, speedy, and adequate remedy, then the circuit court properly dismissed the petition for a writ of mandamus. The state argues that a declaratory judgment action provides relators with a plain, speedy, and adequate remedy at law, even though the Tribes could assert sovereign immunity in a declaratory judgment action and obtain dismissal of relators' claims against them. Relators, on the other hand, contend that a declaratory judgment action does not afford them a plain, speedy, and adequate remedy, because relief in that action depends solely on the Tribes' discretion in choosing whether to assert sovereign immunity. For the reasons that follow, we conclude that a declaratory judgment action does not provide relators with a plain and adequate alternative remedy.

■     We begin our analysis of whether a declaratory judgment action affords relators a "plain, speedy and adequate remedy" by analyzing the statutory text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Words of common usage are given their plain, natural, and ordinary meaning. *Fort Vannoy Irrigation v. Water Resources Comm.*, 345 Or 56, 70, 188 P3d 277 (2008). Statutory terms that have a well-defined legal meaning will be given that meaning. *Wal-Mart Stores, Inc. v. City of Central Point*, 341 Or 393, 397, 144 P3d 914 (2006). Our review of the statutory text and context includes prior opinions of this court interpreting the same statute. *Id.*[7]

---

[7] Although our task is to interpret the phrase "plain, speedy and adequate remedy," we note that whether a declaratory judgment action is sufficiently "speedy" is

This court has provided insight into the meaning of "plain," as used in the mandamus context. In *State ex rel Huddleston v. Sawyer*, 324 Or 597, 600-05, 932 P2d 1145 (1997), an original mandamus proceeding, this court addressed whether the state (the relator in that case) had a plain, speedy, and adequate remedy by appeal under the applicable statutes, ORS 138.060(5) and ORS 138.222. This court explained that

> "it is the remedy, not the statute creating the remedy, that must be 'plain.' If a statute, however ambiguous, grants a right to an appeal respecting the disputed issue, for example, then the remedy—appeal—ordinarily precludes mandamus."

*Id.* at 600-01 n 5. After analyzing the applicable statutes, the court concluded that the state did not have a plain, speedy, and adequate remedy by appeal. *Id.* at 608. A separate partial concurrence arrived at the same conclusion, but focused on whether the appellate remedy was plain. *Id.* at 631-44 (Durham, J., concurring in part and dissenting in part). That opinion stated, "[T]he existence of genuine uncertainty about whether the state legally was entitled to appeal regarding [the] asserted legal error means that an appeal was not a *plainly available* remedy in the ordinary course of law." *Id.* at 637 (emphasis added). In *State ex rel. v. Dobson*, 171 Or 492, 499, 135 P2d 794, 137 P2d 825 (1943), the court quoted 38 CJ 561 with approval and stated that, " 'where it is *doubtful* whether or not there is an adequate specific remedy in the ordinary course of law, mandamus will ordinarily issue.' " (Emphasis added.) Based on the foregoing, we conclude that a "plain" remedy is one that is obvious, clear, and without uncertainty.[8] "Plain" does not mean, however, that the remedy needs to be successful or meritorious for the relator; instead, it requires only that the availability of the remedy be obvious or clear.

---

not at issue in this case. Relators do not argue that a declaratory judgment action is not a speedy remedy. We therefore focus on the meaning of the words "plain" and "adequate."

[8] The dictionary definition is consistent with that interpretation. Plain means obvious or clear. *Webster's Third New Int'l Dictionary* 1729 (unabridged ed 2002).

On several occasions this court has also discussed the requirement that a legal remedy be "adequate." In *State ex rel. Ricco v. Biggs*, 198 Or 413, 425, 255 P2d 1055 (1953), the court explained that, "to bar mandamus, the law remedy must afford all relief to which the plaintiff is entitled." A writ of mandamus may issue even when other remedies exist, if the other remedies are inadequate or not sufficiently speedy. *Id.*; *see also Dobson*, 171 Or at 499 (" 'The mere fact that there is another remedy will not prevent the issuance of the writ of mandamus if the other remedy is not adequate[.]' ") (quoting 38 CJ 561). An adequate remedy must provide "relief upon the very subject matter of the application, and be equally convenient, beneficial, and *effective*." *State ex rel. Pierce v. Slusher*, 117 Or 498, 501, 244 P 540 (1926) (internal quotation marks and citation omitted) (emphasis added). An adequate remedy, therefore, is a remedy that is sufficient and as equally convenient and effective as mandamus.[9] As with "plain," "adequate" does not require a remedy to be meritorious for the relator.

To determine whether a declaratory judgment action in this case is "plain" and "adequate," we must review the declaratory judgment statute. Under the declaratory judgment statute, courts "shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS 28.010. Regarding parties to declaratory judgment actions, another statutory section provides:

> "When declaratory relief is sought, *all* persons *shall* be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. * * *"

ORS 28.110 (emphasis added). The statute defines "person" as "any person, partnership, joint stock company, unincorporated association or society, or municipal or other corporation of any character whatsoever." ORS 28.130. It is undisputed that the Tribes are persons who would be required to be made parties under ORS 28.110, because, as parties to the

---

[9] The dictionary defines adequate as sufficient. *Webster's* at 25.

gaming compact, the Tribes have an interest that would be affected by any declaration as to the governor's authority to enter into the compact. It also is undisputed that the Tribes would be entitled to assert sovereign immunity in that declaratory judgment action. *See, e.g., Chance v. Coquille Indian Tribe*, 327 Or 318, 321, 963 P2d 638 (1998) ("As 'domestic dependent nations' with sovereign authority over their members and territories, Indian tribes are immune from claims in state and federal courts.") (citations omitted). In fact, the Tribes did assert sovereign immunity in the declaratory judgment action that relators filed after the trial court granted the state's motion to dismiss the mandamus petition, and the federal district court dismissed relators' claims against the Tribes on that ground. *Dewberry*, 406 F Supp 2d at 1146.

Under those circumstances, a declaratory judgment action is neither a plain nor adequate alternative remedy. As we stated above, a plain remedy is one that is obvious, clear, and without uncertainty. Under ORS 28.110, the Tribes would be required to participate in any declaratory judgment action. In fact, as the Court of Appeals noted, ORS 28.110 sets forth a jurisdictional requirement. *See Stanley, Adm. v. Mueller*, 211 Or 198, 202, 315 P2d 125 (1957) ("[C]ourts have no authority to make a declaration unless all persons 'who have or claim any interest which would be affected by the declaration' are parties to the proceeding.") (quoting ORS 28.110). Therefore, if the Tribes chose not to participate by invoking sovereign immunity, a court would be entirely without authority to decide the case. That the Tribes alone possess the authority to determine whether a declaratory judgment action proceeds to the merits makes the availability of a declaratory judgment remedy uncertain and unclear. We therefore conclude that a declaratory judgment action is not a plain remedy for relators.

Similarly, a declaratory judgment action does not provide relators with an adequate remedy. To be adequate, a remedy must afford to the relators all relief to which they are entitled. *Ricco*, 198 Or at 425. That remedy must also be "convenient, beneficial, and effective." *Pierce*, 117 Or at 501 (internal quotation marks and citation omitted). For the same reason that a declaratory judgment action is not a plain remedy,

a declaratory judgment action is not convenient or effective: the Tribes alone control the availability of that remedy. As noted earlier, the definition of adequate, of course, does not require that relators prevail on the merits when seeking the alternate remedy. However, because the Tribes control its availability, a declaratory judgment action would not afford relators *any* relief and is therefore not an adequate remedy at law that would prevent relators from pursuing mandamus relief.

A mandamus action is a special proceeding used to compel a government official to perform a legal duty. ORS 34.110. The only party that a relator must join in a mandamus proceeding is the government official with the alleged duty of performance. ORS 34.130(2). A declaratory judgment action, on the other hand, is an action to declare "rights, status, and other legal relations[.]" ORS 28.010. A plaintiff in a declaratory judgment proceeding must join all parties who claim an interest that would be affected by the declaration. ORS 28.110. We acknowledge that a declaratory judgment may achieve a similar result to a writ of mandamus in certain cases. In this case, however, a declaratory judgment action is neither a plain nor adequate alternative to a mandamus proceeding for compelling the Governor to perform his official duty with regard to the gaming compact.[10]

The decision of the Court of Appeals is affirmed. The case is remanded to the trial court for further proceedings.

---

[10] We reserve for future decision whether a declaratory judgment action can, in other circumstances, be a plain and adequate remedy at law.