Argued and submitted September 19, 1996, reversed and remanded July 2, 1997

Roxanna PENNY,
Individually, and Roxanna Penny,
as Personal Representative of the Estate of
Patrick John Penny,
*Respondents,*

*v.*

Robert U. BURCH,
*Appellant.*

(93-01879-CV; CA A91553)

941 P2d 1049

Matthew G. Fawcett argued the cause and filed the briefs for appellant.

Michael G. Ratliff argued the cause for respondent. With him on the brief was Parks & Ratliff.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

This case concerns the propriety of the trial court's grant of summary judgment on plaintiff's[1] claim to a 30-foot easement for a roadway across defendant's property. Specifically, defendant appeals from a final "judgment-order"[2] granting plaintiff an implied easement across the east 30 feet of defendant's property and permanently enjoining defendant from obstructing or interfering with the use of the easement. We reverse and remand.

The following facts are undisputed. Plaintiff Penny and defendant Burch are purchasers of two adjoining tracts of land situated on the north side of Highway 140 in Klamath County. The southwest end of plaintiff's parcel borders the northeast end of defendant's parcel. Each party purchased its parcel from plaintiff's parents, Robert (deceased) and Barbara Penny (the common grantors), who originally owned the property as a single parcel.[3] Plaintiff purchased her parcel in 1988 (Penny parcel) and defendant purchased his parcel (the Burch parcel) in 1992. The dispute centers on a 30-foot wide strip of land running the length of the east side of defendant's property from Highway 140 to plaintiff's property.

Regarding the Penny parcel, in 1980 the common grantors transferred the property to Dudgeon (an intermediate holder of the property) by warranty deed while retaining the balance of the property at issue here. The deed contained an express grant of an easement over the east 30 feet of the retained property for the benefit of the property sold to Dudgeon. Dudgeon executed a bargain and sale deed reconveying the property to the grantors in 1988. The grantors then conveyed the parcel to the plaintiff here, their son,

---

[1] There are two plaintiffs: Roxanna Penny in her individual capacity and as personal representative of her late husband Patrick's estate. We refer to them in the opinion as "plaintiff."

[2] We repeat the admonition that the title "judgment order" is inherently contradictory and trial courts should not sign documents bearing that title. *Goeddertz v. Parchen*, 299 Or 277, 279 n 1, 701 P2d 781 (1985); *Loving v. Portland Postal Employees Credit Union*, 124 Or App 373, 375 n 1, 862 P2d 556 (1993).

[3] In 1980, the property was partitioned into the two parcels we refer to here as the Penny and Burch parcels.

Patrick (deceased), and his wife, Roxanna, by way of a bargain and sale deed. That deed did not refer to any easement across the retained property. Plaintiff maintains her family home on the property.

In 1992, the grantors conveyed the retained property to defendant by warranty deed. They did not expressly reserve an easement over the east 30 feet of the property in the conveyance to Burch. The deed to Burch did, however, provide that the property was "free from all encumbrances except those of record and those apparent upon the land, if any, as of the date of this deed."

In May 1993, Burch blocked access to plaintiff's claimed roadway easement by parking a school bus and a truck across it. Following that incident, plaintiff brought this action alleging, *inter alia*, that she was entitled to an easement across Burch's property and a permanent injunction enjoining him from interfering with or obstructing her access to it.

Before trial, plaintiff moved for partial summary judgment, claiming entitlement to an easement across Burch's property under three theories. Under the theory of easement by implication, plaintiff argued that direct evidence of the grantors' intent and the circumstances at the time of the conveyance of the parcel to her establish the creation of an implied easement as a matter of law. Burch countered that summary judgment was not appropriate because the circumstances at the time of the sale raise a genuine issue of material fact about whether the grantors intended to create an easement across his property. The trial court granted plaintiff's motion to recognize the easement after giving "great weight" to the manner in which the land was used before the conveyance and the extent to which the manner of prior use was or might have been known to the parties. Later, after a trial, the court granted plaintiff's request for a permanent injunction against defendant and entered final judgment. This appeal followed.

On appeal, Burch assigns error to both rulings. We turn first to the propriety of the trial court's grant of summary judgment.

■■    An implied easement may arise when the owner of land held under one title conveys part of the land to another:

> "If there was a previous apparent and permanent use of the land that is important for the enjoyment of the parcel that the common owner sold, the courts may imply that the purchaser received an easement, measured by the pre-existing use, over the parcel that the common owner retained. Although there are many factors to consider, the essential question is whether a reasonable purchaser would be justified in expecting the easement under the circumstances in which he or she purchased the land. There must be a reason for assuming that a right to continue using the quasi-easement is part of the bargain." *Garrett v. Mueller*, 144 Or App 330, 341, 927 P2d 612 (1996), *rev den* 324 Or 560 (1997).

In *Rose et ux v. Denn et ux*, 188 Or 1, 19, 212 P2d 1077, 213 P2d 810 (1950), the court referred to a number of factors from *Restatement of Property* § 476 (1944) to consider in deciding whether an easement should be implied. Those factors include the claimant's need for the easement, the manner in which the land was used before its conveyance, and the extent to which the manner of prior use was or might have been known to the parties. However, those factors do not have fixed values, *see Cheney v. Mueller*, 259 Or 108, 113, 485 P2d 1218 (1971), but merely aid in determining whether an easement should be implied. *Dressler et al v. Isaacs et al*, 217 Or 586, 598, 343 P2d 714 (1959).

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243 (1996), *aff'd* 325 Or 404, 939 P2d 608 (1997).

■    The summary judgment record before us consists of the affidavits of Barbara and Roxanna Penny[4] and Robert Burch and the numerous deeds tracing the chain of title in the two properties back to the common ownership of the property by the grantors. There is evidence (1) that the grantors

---

[4] To the extent that plaintiff's affidavit and that of Barbara Penny state the grantors' unexpressed intent concerning the easement when they conveyed the plaintiff's parcel, those affidavits are irrelevant. We look only to the parties' communications and overt acts and do not consider evidence of one party's undisclosed intent. *See Kitzke v. Turnidge*, 209 Or 563, 573, 307 P2d 522 (1957).

knew how to reserve an express easement, as they did when they conveyed the plaintiff's parcel to Dudgeon, (2) that there is alternate access to the plaintiff's parcel, (3) of the prior use of the disputed area for access to plaintiff's parcel, and (4) that the deed the grantors used to convey the property to Burch provided that his parcel was burdened by those encumbrances "apparent upon the land."

First, plaintiff's deed does not provide an express reservation of an easement across the Burch parcel. In fact, of all of the conveyances of the two properties, only the grantors' conveyance to Dudgeon expressly includes "an easement over the East 30' of [the Burch parcel]." It follows that the grantors knew how to reserve an easement across the Burch property but did not do so in conveying the property to plaintiff.

Second, the record shows that plaintiff's parcel is accessible by alternate routes.[5] Plaintiff, however, is not required to show an absolute necessity for an implied easement. *Jack v. Hunt et ux*, 200 Or 263, 269, 264 P2d 461, 265 P2d 251 (1954).

Third, as far as the record shows, the only evidence of the prior use of the claimed easement goes to the incident in which Burch blocked plaintiff's access to her property by parking a school bus in her path. All that evidence establishes is that plaintiff, at least to some extent, gained access to her property by crossing Burch's property. That evidence, however, does not materially aid our inquiry here. There is no evidence of any other use of the disputed area from the time of the conveyance to Dudgeon to the present.

Finally, the evidence shows that the deed to Burch, although not expressly reserving an easement in favor of plaintiff's tract, does reserve those encumbrances "apparent upon the land" for the benefit of the plaintiff's tract. That language appears to have been added to a warranty deed form. The grantors may have thought something was apparent on

---

[5] Burch's testimony on that point is uncontroverted. In his affidavit in opposition to plaintiff's motion for partial summary judgment, Burch stated:

"In establishing an easement, there are a number of alternative routes. Access to [plaintiff's] property used to be from the west and the Godowa Springs Road. Access could also be across the Riddle property which is located to the east of my property and south of [plaintiff's] property."

the land. Whether or not the claimed easement was "apparent upon the land" is not resolved by this record. For evidence on that question, we must rely on the parties' descriptions of the property; there are no photographs of the property as it existed when conveyed to plaintiff or Burch. Specifically, plaintiff points to the original grantor's affidavit, Barbara Penny's, which says that the claimed easement "was open and apparent, and had obviously been in use for many years before our purchase of [the Burch parcel]." Burch responds that Barbara's affidavit does not show that the claimed roadway easement was in obvious use for access to the plaintiff's parcel. *Citing Thompson v. Schuh*, 286 Or 201, 214, 593 P2d 1138 (1979), he argues that Barbara's attestations establish, at best, the circumstances at the time that she and her husband purchased the property. The evidence does not establish that that condition continued up until the time that the grantors conveyed the property to Burch. On the other hand, Burch's affidavit describes a parking area for a mall located on his property. That description conflicts with the marked and traveled roadway that plaintiff claims was present.

■　On this record, we conclude that there are material issues of fact about whether the disputed roadway easement was so open and apparent that a purchaser could reasonably assume that the bargain included an easement burdening the Burch tract with a servitude for the benefit of the plaintiff's property; the trial court erred in granting plaintiff's motion for summary judgment and, thus, in entering the judgment on appeal. In this light, we need not address Burch's second assigned error. Accordingly, we reverse and remand.

Reversed and remanded.