Argued and submitted April 10, 2014, Gold Beach High School, reversed and remanded June 24, petition for review denied November 30, 2015 (358 Or 374)

Douglas C. MILLER,
*Plaintiff-Respondent,*

*v.*

Terry L. SHENK
and Trudy M. Shenk,
husband and wife,
*Defendants-Appellants.*

Lane County Circuit Court
161124908; A152844

354 P3d 732

William H. Sherlock argued the cause for appellants. With him on the briefs was Hutchinson, Cox, Coons, Orr & Sherlock, P.C.

John C. Fisher argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

In this action under the Uniform Declaratory Judgment Act, ORS 28.010 to 28.160, defendants Terry and Trudy Shenk appeal from a judgment for plaintiff Douglas Miller declaring that plaintiff has an implied easement over defendants' property for access to plaintiff's undeveloped forest land. Defendants contend that the trial court erred in failing to dismiss the action for failure to join neighboring property owners who defendants contend are necessary parties. On the merits, defendants contend that clear and convincing evidence does not support the trial court's ruling. Because we agree with defendants that necessary parties have not been joined in this declaratory judgment action, we reverse the judgment and remand.

Defendants own a five-acre parcel in rural Lane County, Lot 2400. Plaintiff owns a 15-acre parcel adjacent to and immediately east of defendants' property, Lot 2402. Defendants have access to their property from a county road by way of a deeded easement over a parcel owned by Steve and Karla Mattox. Plaintiff does not currently have access to his property from a public road, and he brought this action, seeking a declaration that he has an implied easement for access to his property over a roadway on defendants' property. The trial court agreed with plaintiff and granted the declaration, and defendants appeal. The map below was created by the trial court, and, for ease of use, we have added the names of the current owners of the lots.[1]

---

[1] The trial court explained:

"Note that this diagram is intended solely for a tool to help illustrate the Court's findings. It is not drawn to scale and is not intended to accurately reflect distances or the precise location of the 1963 or 1966 easements. The solid pink line [which runs from the top left of Lot 2400] is intended to represent the common road described in the 1963 easement as it begins to cross the northern 20 acres. The dashed pink line [which runs from the solid pink line to the box with question marks] and the question marks reflect that the precise path of the 1963 easement is unclear as it crosses into the southern 20 acres. The blue line [which runs from the pink line on Lot 2400 and crosses into Lot 2402] is intended to illustrate the general position of the spur road providing access to Lot 2402."

[Bracketed text inserted, to explain the diagram, which is reproduced here without color.]

Because it is dispositive, we first address the jurisdictional question—whether the trial court erred in denying defendants' motion to dismiss, based on plaintiff's failure to join as parties the owners of properties that are affected by, or necessary to, the declaration that plaintiff requests. We describe those facts necessary to our consideration of the jurisdictional issue. Plaintiff's and defendants' parcels were once part of a single 40-acre rectangular tract acquired by Joel and Vernita Mayes in 1943. A photograph taken in 1953 shows a roadway coming onto the property at its northwest corner and travelling in a north/south direction; in that photo, a "spur" road comes off of the north/south roadway in an east/west direction. The photograph shows that the northeastern portion of the property (now belonging to plaintiff) had recently been logged.

In 1963, Joel and Vernita deeded the southern 20 acres (Lot 2401) to their son Duane and his wife, Thelma. (That 20-acre parcel is now owned by the Arnolds.) The deed to Duane and Thelma granted an easement for access "to use an existing roadway in common with the Grantors" across the northern half of the 40-acre parcel retained by Joel and Vernita:

> "The Grantors do hereby grant, bargain, sell and convey unto the Grantees an easement of right of way to use an existing roadway in common with the Grantors approximately 30' in width across the North Half[.]"

The roadway is not otherwise described.

In December 1965, Duane and Thelma sold Lot 2401 to Rose Rich. In April 1966, Joel and Vernita partitioned their northern 20-acre tract, creating an eastern 15-acre parcel, now owned by plaintiff (Lot 2402), and a western five-acre parcel, now owned by defendants (Lot 2400). Joel and Vernita sold the eastern, 15-acre parcel to Rose Fritz (formerly Rose Rich) and her husband, Leonard Fritz. At the time, Rose also owned the southern 20-acre parcel, with its express easement for access over the "existing roadway" on Lot 2400, the five-acre parcel retained by Joel and Vernita. But the deed to Rose and Leonard for Lot 2402 did not include an express easement for access to Lot 2402 over Lot 2400. Although the photograph from 1953 showed that the property had been logged some time before 1953, there is no evidence that Lot 2402 was actively being logged in 1966, when Rose and Leonard acquired it.

Ultimately, defendants acquired Lot 2400 in 1992, and plaintiff acquired Lot 2402 in 1995. The southern 20-acre parcel is now owned by the Arnolds. Defendants' property does not join the county road. But it is undisputed that defendants and the Arnolds have express easements over the Mattoxes' property to the north of defendants' property for access to the county road. Additionally, the Arnolds have an express easement over defendants' property. Plaintiff's property does not have a recorded easement for access over defendants' or the Mattoxes' property; nor does plaintiff have permission to travel over either property.

In his complaint seeking declaratory relief, plaintiff alleged:

"4. There exists a certain road running north to south across Defendants' property which was the subject of a grant of easement in favor of the then owners of the parcel of land immediately south of both Plaintiff's and Defendants' properties[.] *** There also exists a road trending east from the granted easement road to and through the border of Plaintiff's and Defendants' described parcels of property (the east road)[.] ***

"*****

"7. The east road and the granted easement road to where it meets the east road were apparent and permanent at the time Plaintiff's parcel was created by the *** deed.

"8. The east road and the granted easement road to where it meets the east road were and are important for the enjoyment of Plaintiff's parcel, as the east road and the granted easement road to where it meets the east road were and are the only access to Plaintiff's parcel; because of this Plaintiff is justified in expecting an easement to use the east road and the granted easement road to where it meets the east road under the circumstances in which Plaintiff purchased his property."

Plaintiff sought a judgment "[d]eclaring Plaintiff to be the owner of and entitled to an easement across Defendants' property consisting of the east road and the granted easement road to its junction with the east road, and quieting title in the easement in Plaintiff."

At trial, plaintiff disputed the exact location of the Arnolds' express easement across defendants' property, suggesting that the express easement actually crossed onto plaintiff's property. An expert witness testified that the Arnolds' easement "was uncertain and indefinite when it was created." The trial court made these findings:

"5. It is unclear where the easement granted in 1963 crossed over into the southern 20 acres (Lot 2401). It is clear, however, that the 1963 easement was a 'common road' that began at the northwest corner of Lot 2400 and then travelled 'across the North half' of the original 40 acre parcel into the southern half of that parcel.

"6. When Fritz purchased Lot 2402 in 1966, there was a gravel spur road that trended east from the common roadway on Lot 2400 and crossed over onto Lot 2402.

"7. The established road on Lot 2400 together with the spur road that crossed over Lot 2400 provided the main access to Lot 2402 in 1966.

"8. The manner of use of Lot 2402 was as forest land (i.e.—logging) in 1966 and this should reasonably have been known to the Mayes and the Fritz.

"9.     Although Fritz owned Lot 2401 when she and her husband purchased Lot 2402, the access to Lot 2402 for logging and other forest-related activities was across Lot 2400, not Lot 2401.

"10.     Notwithstanding that Fritz owned an adjacent parcel with an existing express easement providing access to it, the fact remains that Lot 2402 was severed from the northern parcel and title to it conveyed in a separate deed. In 1966, Lot 2401 was held by Ms. Fritz individually and Lot 2402 was held by Mr. and Mrs. Fritz by the entirety. She had purchased Lot 2401 from Kephart and Lot 2402 from Mayes. The only access to Lot 2402 was through Lot 2400, from which the Lot 2402 was severed. The Court finds unpersuasive the argument that as the adjacent landowner, Fritz could have created new access to Lot 2402 through Lot 2401. The evidence before the Court is that access at time of severance was through Lot 2400.

"11.     The parcel that is now Plaintiff's was forested land that had been partially logged. The only access road had clearly been used for logging trucks and other equipment and provided adequate access for that purpose. The access was across the portion of land retained by the grantor. Any reasonable purchaser of the severed lot would reasonably have expected that access to continue. If that were not so, the grantee would have purchased land he could not get to. The existence of the access road is apparent in the historical aerial photographs. And while the rock/dirt road has changed over time, it is still plainly visible today. For these reasons, the Court finds that Plaintiff has established by clear and convincing evidence the reasonable inference that had Mayes and Fritz thought about it back in 1966, they would have intended to create an easement over the Mayes parcel to allow Fritz access to the new parcel that was severed at that time. The fact that the easement was not expressly included in the deed does not change the analysis.

"12.     Plaintiff is the current owner of an easement that crosses Defendants' property. That easement arose by implication in 1966 when the parcel of land he now owns was severed from the larger northern parcel then owned by Mayes and conveyed to Fritz."

The trial court included a diagram in illustration of its findings (reproduced above), which included a "dashed pink line and

question marks reflect[ing] that the precise path of the 1963 easement is unclear as it crosses into the southern 20 acres."

Defendants contend that the trial court's judgment is erroneous in several respects. First, defendants contend that the court lacked jurisdiction to make a declaratory ruling, because plaintiff failed to join necessary parties—the Arnolds and the Mattoxes. In a declaratory judgment action brought under ORS 28.010 to 28.160, "all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." ORS 28.110. The failure to join a necessary party in a declaratory judgment proceeding is jurisdictional. *Wright v. Hazen Investments, Inc.*, 293 Or 259, 264, 648 P2d 360 (1982) ("[S]ince plaintiff failed to join [a necessary party], it would appear that the trial court was thereby deprived of jurisdiction to issue a declaratory judgment in this case."). Defendants contend that the Arnolds are a necessary party because, as the owners of an easement over the same roadway, their interests are directly affected by the declaration sought by plaintiff. Plaintiff responds that the trial court's ruling has no effect on the Arnolds' express easement.

We agree with defendants that the Arnolds are a necessary party to plaintiff's action. A portion of the roadway over which plaintiff asserts an implied easement is also subject to the Arnolds' easement. Any declaration that plaintiff has an easement over that portion of the roadway also directly affects the Arnolds' easement interest, even if only by increased use of the roadway. As holders of an easement over the same roadway, the Arnolds were a necessary party to plaintiff's action for declaration of an implied easement.[2]

---

[2] In view of our conclusion, we do not reach defendants' additional contention that the Arnolds are necessary parties because the trial court's finding regarding the uncertainty of the location of the express easement across Lot 2400 for access to Lot 2401 places a cloud over the Arnolds' title. We note, however, that ORS 28.110 provides, in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

*See also Fox v. Country Mutual Ins. Co.*, 169 Or App 54, 64-65, 7 P3d 677 (2000), *rev den*, 332 Or 137 (2001) (persons who are not parties to a declaratory judgment

Defendants contend that the Mattoxes are also a necessary party for the reason that any judgment for plaintiff in this proceeding is of uncertain effect, because it depends on plaintiff's ability to secure access over the Mattoxes' property. As we explained in *Vance v. Ford*, 187 Or App 412, 424, 67 P3d 412 (2003), the requirement in ORS 28.110 for joinder of all parties "who have or claim an interest which would be affected by the declaration" is jurisdictional and serves both to protect an absent party's interests *and* to protect the certainty of the judgment itself. *Id.*[3] *See also Wright*, 293 Or at 264 (lack of jurisdiction in a declaratory judgment proceeding based on failure to join all affected interests is premised on the absence of a justiciable controversy and is grounded on the policy favoring finality of judgments). In *Vance*, the plaintiffs sought a judicial declaration that their neighbors, the defendants, did not have the right to use a roadway over which the plaintiffs had express easements, for access from the defendants' property to a public road; but the plaintiffs did not join Fahrer, the owner of a portion of the roadway over which the express easement also passed. 187 Or App at 417. Subsequent to the filing of the action, Fahrer granted the defendants an express easement over his portion of the roadway. But there was a factual dispute as to whether Fahrer or Wells, one of the plaintiffs, owned the roadway. The court resolved that dispute by finding that the center line of the roadway was the boundary between the Fahrer and Wells properties; thus, the easement traversed both properties. *Id.* at 419. The court further entered a judgment declaring that the defendants had no right to use a different portion of the roadway abutting the plaintiffs' property.[4]

---

cannot be bound by its holding). The Arnolds were not parties to the declaratory judgment proceeding, and the trial court's statement therefore cannot prejudice their interest or have a legal effect on their access.

[3] In *Vance*, we quoted from the Supreme Court's opinion in *Stanley, Adm. v. Mueller*, 211 Or 198, 209, 315 P2d 125 (1957), that a court may not issue a declaratory judgment between parties "when others, not bound, might later raise the identical question and deprive the declaration of that final and pacifying function it is calculated to subserve." 187 Or App at 424-25 (quoting *Stanley*, 211 Or at 209 (quoting Edwin M. Borchard, *Declaratory Judgments* 256-57 (2d ed 1941))).

[4] The court declared:

"[The plaintiffs] have the right to a declaratory judgment declaring that [the defendants] have no rights to use the easement for access (other than the

The defendants asserted on appeal that Fahrer was a necessary party to the action and, because he was not joined, the trial court lacked authority to enter a judgment in favor of the plaintiffs. The plaintiffs asserted that the failure to join Fahrer was not jurisdictional, because the declaratory judgment expressly declared only the defendants' rights in the roadway, not Fahrer's.

We agreed with the defendants that Fahrer was a necessary party. We explained that, in order to determine the extent of the defendants' right to use the roadway, the trial court necessarily had to determine the extent of Fahrer's ownership. In response to the plaintiffs' contention that the declaratory judgment did not prejudice Fahrer because it was not binding on him, we explained that the requirement that all interested parties be joined in a declaratory judgment action serves both to protect an absent party's interest and to protect the certainty of the judgment itself. *Id.* at 424. We held that, in light of evidence that Fahrer owned the entire roadway and had granted an easement to the defendants, if Fahrer were to prevail in an action seeking a declaration that he owned the entire roadway, that would undermine the trial court's judgment enjoining the defendants' use of the roadway. Thus, we reasoned, Fahrer's joinder as a party was necessary in order to ensure that the judgment itself had the requisite certainty and finality. *Id.* at 425. We held that the failure to join Fahrer deprived the court of authority to render a judgment that bound Fahrer and was, therefore, a jurisdictional defect. *Id.*

Here, defendants contend that plaintiff's failure to join the Mattoxes is, similarly, a jurisdictional defect, because, as in *Vance,* the failure to join them undermines the certainty of the judgment itself. 187 Or App at 424. But we are not persuaded by defendants' contention that the Mattoxes have an "interest," *per se*, in the litigation of plaintiff's right to an easement over defendants' property, or that any interest the Mattoxes might have could undermine the certainty of the judgment with respect to plaintiff's easement

---

limited right given to [the defendants] in the *** easement agreement from *** Fahrer, which does not provide full access to defendants' parcel)."

*Id.* at 424 (emphasis omitted).

over defendants' property. Plaintiff's judgment can have no effect on the Mattoxes' property because it was not directed at the Mattoxes' property and the Mattoxes were not joined, ORS 28.110; and the judgment does not alter the undisputed fact that plaintiff has no access to defendants' property through the Mattoxes' property.

Given our conclusion that the Arnolds are a necessary party, the case must be remanded for dismissal, unless the Arnolds are joined within a time set by the trial court. In view of that disposition, we do not address the possible issue of justiciability presented by the fact that, on this record, it does not appear that, even with an implied easement over defendants' property, plaintiff would have access to the county road. *See Kellas v. Dept. of Corrections*, 341 Or 471, 484-85, 145 P3d 139 (2006) (In order to be justiciable, a declaratory judgment action must be a dispute in which a prevailing plaintiff can receive meaningful relief.).[5]

Reversed and remanded.

---

[5] In view of our disposition, we also do not reach defendants' contention that the trial court erred on the merits because the evidence is undisputed that, at the time Lot 2402 was severed from Lot 2400 and sold to the Fritzes, the Fritzes had access to Lot 2402 from Lot 2401, did not need access to Lot 2402 through Lot 2400, and could not reasonably have expected that they would have access to Lot 2402 through Lot 2400. On remand, if the necessary parties are joined and the case is retried, the essential question for the trial court will be whether, at the time Lot 2402 was created and sold to the Fritzes in 1966, the Fritzes would have reasonably expected to receive an easement, given the circumstances of the property division and the sale. *Garrett v. Mueller*, 144 Or App 330, 341, 927 P2d 612 (1996), *rev den*, 324 Or 560 (1997). In determining whether the easement was an expected part of the bargain, the court should consider how the property was used before it was sold, what the buyer would have known about how the property was used, and the buyer's need for the easement. *Penny v. Burch*, 149 Or App 15, 19, 941 P2d 1049 (1997); *Garrett*, 144 Or App at 341 ("If there was a previous apparent and permanent use of the land that is important for the enjoyment of the parcel that the common owner sold, the courts may imply that the purchaser received an easement, measured by the pre-existing use, over the parcel that the common owner retained.").