Submitted April 2; judgment reversed and remanded for entry of a judgment reflecting adjudication for a single count of third-degree sexual abuse, otherwise affirmed May 12, 2021

In the Matter of C. K. O. P. O.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. K. O. P. O.,
*Appellant.*

Washington County Circuit Court
19JU08558; A174420

487 P3d 68

Brandon M. Thompson, Judge.

Christa Obold Eshleman and Youth, Rights & Justice filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Judgment reversed and remanded for entry of a judgment reflecting adjudication for a single count of third-degree sexual abuse; otherwise affirmed.

**PER CURIAM**

In this juvenile delinquency case, youth was found to be within the jurisdiction of the juvenile court for three acts which, if committed by an adult, would constitute third-degree sexual abuse, ORS 163.415. On appeal, youth contends that the trial court plainly erred in failing to merge the three counts into a single adjudication. The state concedes the error and agrees that it constitutes plain error and that this court should remand this case. We agree and accept that concession.

In *State v. K. R. S.*, 298 Or App 318, 323, 449 P3d 511 (2019), we concluded that ORS 161.067, the "anti-merger" statute that applies to criminal convictions, also applies in the juvenile delinquency context. Under ORS 161.067(3), when a person violates one statutory provision multiple times in the same criminal episode concerning the same victim, they may be punished separately if there was "a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." In the present case, the three charges of third-degree sexual abuse concerned touching of three different body parts of the victim during the same criminal episode. This is fundamentally the same as the scenario at issue in *K. R. S.*, although the conduct in that case constituted a different degree of sexual abuse. *K. R. S.*, 298 Or App at 322. Under the rationale of *K. R. S.*, youth's three adjudications for third-degree sexual abuse must merge. Given the seriousness of the charges, we agree that we should exercise discretion to correct the error. *See, e.g.*, *State v. D. M. B.*, 300 Or App 817, 452 P3d 1084 (2019) (exercising discretion to correct similar error as plain error).

Judgment reversed and remanded for entry of a judgment reflecting adjudication for a single count of third-degree sexual abuse; otherwise affirmed.