746 December 28, 2023 No. 683

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Ann DaMOTA
and Kenneth DaMota,
*Plaintiffs-Respondents,*

*v.*

Jennifer JAHNIG
and Eric Jahnig,
*Defendants,*

*and*

Tiffany SUPPLEE
and William Supplee,
*Defendants-Appellants.*

Josephine County Circuit Court
21LT01142; A176637

Pat Wolke, Judge.

Submitted November 3, 2022.

William Supplee and Tiffany DaMota-Supplee filed the briefs *pro se*.

George W. Kelly filed the briefs for respondents.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Defendants appeal from a general judgment entered in favor of plaintiffs on their claims for ejectment and declaratory relief arising out of a dispute over real property, known as the "Sand Creek Road property," in Grants Pass. In three assignments of error, defendants contend that (1) the court erred in failing to require joinder of necessary parties; (2) the court erred in applying the statute of frauds; and (3) the court abused its discretion by not allowing defendants to amend their answer, add counterclaims, and postpone the trial date. As explained below, although we reject defendants' second and third assignments of error, we agree with defendants' first assignment and conclude that the court erred in proceeding on the declaratory judgment claim and granting declaratory relief in the absence of necessary parties. Accordingly, we reverse the judgment and remand for further proceedings.

*Joinder of necessary parties.* In their first assignment of error, defendants argue that the trial court should have granted their motion to dismiss for failure to join necessary parties, *viz.*, plaintiffs' three siblings who owned the Sand Creek Road property as tenants-in-common with plaintiffs. The trial court, relying on the rule that one tenant can maintain an action for ejectment against nonowners, denied defendants' motion. *See, e.g.*, *South Portland L. Co. v. Munger*, 36 Or 457, 460-61, 54 P 815 (1898) (observing that "the several and distinct freeholds of each co-tenant may be the subject of a separate action for its recovery"; "the party claiming the whole may proceed separately against each person claiming to hold such an interest in the disputed premises"; and "it may be convenient—perhaps proper—to join all the co-tenants claiming adversely, yet it is not indispensable or necessary that it should be done"); *see also Le Vee v. Le Vee*, 93 Or 370, 382, 183 P 773 (1919) ("Tenants in common hold their interest in realty independent of each other. * * * It is true that as against a stranger one tenant in common may recover possession of the whole of the land held by" the tenant and the cotenants, "but this is because of the only unity which is an ingredient of such an estate, *viz.*, that of possession.").

The trial court's ruling was based on case law regarding ejectment claims; however, ejectment was not the only claim that plaintiffs brought. Plaintiffs' operative complaint alleged two claims: a claim for ejectment and a claim for declaratory relief. On the second claim, plaintiffs sought a decree "[r]equiring defendants and all persons claiming under defendants to set forth the nature of their claims, if any, to the [Sand Creek Road property]"; "[d]etermining all adverse claims, if any, of defendants and all persons claiming under defendants"; "[d]eclaring plaintiffs to be the owner in fee simple of the real property described above and entitled to possession thereof, free of any estate, title, claim, lien, or interest of defendants or those claiming under defendants and quieting title in the premises in plaintiffs"; and "[e]njoining defendants and those claiming under defendants from asserting any estate, title, claim, lien, or interest in the premises or any portion thereof[.]" Defendants, on the other hand, took the position that they had an interest in the Sand Creek Road property based on an agreement with all of the owners to the effect that defendants could renovate and live in a house on the property.

The trial court ultimately granted relief on both claims, concluding that it agreed with plaintiffs' arguments and would "award ejectment, [and] a declaratory judgment." It then entered a judgment that did not differentiate between the relief granted on each claim but included a number of declarations that appear to have been based on plaintiffs' claim for declaratory relief, including that "Defendants, or those claiming under Defendants, have no estate, title, claim, lien, or interest in the [Sand Creek Road property]" and that "Defendants, and those claiming under Defendants, are enjoined from asserting any estate, title, claim, lien, or interest in" the Sand Creek Road property.

As defendants correctly point out, a claim for declaratory relief is governed by ORS 28.110, which provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

That requirement is "more rigorous" than the joinder requirement that ordinarily applies to civil actions under ORCP 29 A, "which, in some instances, permits a court to proceed in the absence of a person that has 'an interest relating to the subject of the action.'" *State ex rel Dewberry v. Kulongoski*, 220 Or App 345, 358, 187 P3d 220 (2008), *aff'd*, 346 Or 260, 210 P3d 884 (2009). Instead, ORS 28.110 has been understood as a "jurisdictional" requirement that "serves a broader purpose than the protection of an absent party's interests. It also protects the certainty of the judgment itself." *Vance v. Ford*, 187 Or App 412, 424-25, 67 P3d 412 (2003). Thus, even if the absent party would not have been bound by the judgment, ORS 28.110 prevents courts from issuing declaratory judgments "when others, not bound, might later raise the identical question and deprive the declaration of that final and pacifying function it is calculated to subserve." *Id.* at 424-25 (quoting *Stanley, Adm. v. Mueller*, 211 Or 198, 209, 315 P2d 125 (1957) (internal citation and quotation marks omitted)).

Here, the other owners of the Sand Creek Road property had interests that would be affected by the declaratory relief sought by plaintiffs, and they might later raise identical questions to those resolved by any declaratory judgment issued in this case. Plaintiffs requested a declaration about the interests that defendants held in the Sand Creek Road property, and the trial court entered a judgment that included declarations about plaintiffs' and defendants' interests in the property—issues that turned, in part, on evidence about what each of the sibling owners had intended and what had been communicated to defendants. Thus, we conclude that, under ORS 28.110, the trial court lacked authority to enter a declaratory judgment regarding the interests in the Sand Creek Property without joining those other owners of the property. *See Miller v. Shenk*, 272 Or App 12, 18, 354 P3d 732, *rev den*, 358 Or 374 (2015) (holding that a declaration that the plaintiff had an easement over a roadway would directly affect holders of an easement over the same roadway, such that the other holder was a necessary party to the plaintiff's declaratory judgment action).

The question then becomes one of remedy. In this case, the trial court had personal jurisdiction over the parties and subject matter jurisdiction over their dispute, but it lacked the power to enter a declaratory judgment without all necessary parties before it. *See Kaiser Foundation Health Plan v. Doe*, 138 Or App 428, 432, 908 P2d 850, *rev den*, 324 Or 394 (1996) (describing that distinction). As we explained in *Oregon Trucking Assns. v. Dept. of Transportation*, 288 Or App 822, 836, 407 P3d 849 (2017), *aff'd*, 364 Or 210, 432 P3d 1080 (2019), the ordinary remedy "in a case in which a necessary party has not been joined is to remand with instructions to dismiss the action unless the necessary party is joined within a reasonable time," but "[i]n some cases * * * the appellate courts have determined that the absent party's interests were protected by one of the named parties and remanded with instructions simply to add the absent party before entering final judgment." (Internal quotation marks omitted.) In *Oregon Trucking Assns.*, it appeared that the defendants may have adequately protected the absent party's interests, which would have permitted entry of a final judgment in accordance with the court's opinion, provided that the absent party was first joined. *Id.* Accordingly, we reversed and remanded for the trial court to dismiss the claim "unless [the necessary party] is joined within a time to be set by the trial court, and, if [the necessary party] is joined, for the trial court to proceed to enter declaratory judgment consistent with this opinion unless it determines that there is insufficient identity of interests between defendants and [the necessary party]." *Id.*

This case and *Oregon Trucking Assns.* present similar situations. Here, plaintiffs may have adequately protected the interests of the other tenants-in-common (each of whom testified as a witness called by plaintiffs), which would permit entry of judgment, provided that they are first joined as parties. Accordingly, we reverse the judgment and remand for the trial court to dismiss the declaratory judgment claim unless the other owners of the Sand Creek Road property are joined within a time to be set by the trial court; and, if they are joined, for the trial court to proceed to enter declaratory judgment consistent with this opinion unless

it determines that there is insufficient identity of interests between plaintiffs and the other owners.[1]

*Statute of frauds.* In light of our conditional remand as to the declaratory relief, we proceed to address defendants' remaining assignments of error because they could provide greater relief if defendants were to prevail on those assignments. In their second assignment, defendants argue that the trial court erroneously applied the statute of frauds and should have concluded that the circumstances fell within an exception for partial performance of an oral agreement. Defendants essentially reargue the facts presented to the trial court and ask us to take *de novo* review. Under ORAP 5.40(8)(c), we exercise our discretion to take *de novo* review only in "exceptional" cases. *See also* ORAP 5.40(8)(d) (outlining nonexclusive list of criteria relevant to whether we will exercise our discretionary authority to review *de novo*). Defendants did not explain why this is an exceptional case in which we should exercise our discretion, and we are not persuaded that *de novo* review is warranted in this case. In light of the court's factual findings, which we do not revisit on appeal, defendants have not demonstrated any legal error in the trial court's application of the statute of frauds.

*Request to amend answer and postpone trial.* In their third assignment, defendants assert that the trial court erred in denying them the ability to file an amended answer, assert counterclaims, and postpone the trial date. A trial court has broad discretion under ORCP 23 in determining whether to allow a party to amend the pleadings. *See, e.g.*, *Crandon Capital Partners v. Shelk*, 219 Or App 16, 40, 181 P3d 773, *rev den*, 345 Or 158 (2008). We will uphold the trial court's decision unless it exercises that discretion in a manner that is unjustified by, and clearly against, reason and evidence. *See, e.g.*, *Sanford v. Hampton Resources, Inc.*, 298 Or App 555, 576-77, 447 P3d 1192, *rev den*, 366 Or 64 (2019) (discussing our standard of review and outlining factors used to evaluate a court's exercise of discretion). Similarly, a trial court has broad authority to rule on

---

[1] As noted above, the judgment does not delineate between the relief granted on the two claims; on remand, the court will have the opportunity to specify the relief granted on each claim.

a motion to postpone trial, and we review the court's ruling for an abuse of discretion. *See J. D. v. Klapatch*, 275 Or App 992, 997, 365 P3d 1169 (2015) (so stating). On this record, where defendants had been granted a continuance to hire counsel, were later denied a second continuance after counsel still had not been hired, and where defendants' motion to enlarge the time for pleading and for postponing trial were filed less than a week before the rescheduled trial date, the court did not abuse its discretion in denying the motions.

Reversed and remanded.