600                    February 5, 2025                    No. 71

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. J. L.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

T. J. L.,
*Appellant.*

Linn County Circuit Court
21JU03904; A177663

Brendan J. Kane, Judge.

On appellant's petition for reconsideration filed November 27, 2024. Opinion filed October 16, 2024. 335 Or App 477, 558 P3d 855.

On Oregon Public Defense Commission's motion to appear *amicus curiae* in support of youth's petition for reconsideration filed November 27, 2024.

Ginger Fitch, for petition.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Motion to appear as *amicus curiae* denied. Reconsideration allowed; former opinion modified and adhered to as modified.

**AOYAGI, P. J.**

In this juvenile delinquency proceeding, the juvenile court entered a judgment committing youth to the custody of the Oregon Youth Authority (OYA) for placement in a correctional facility, youth appealed, and we affirmed. *State v. T. J. L.*, 335 Or App 477, 558 P3d 855 (2024). Youth has petitioned for reconsideration of our decision, asserting that two specific aspects are legally incorrect. Contemporaneously, the Appellate Division of the Oregon Public Defense Commission (OPDC) has moved to appear as *amicus curiae* in order to seek reconsideration on an unrelated third issue. Youth takes no position on OPDC's motion, and the state takes no position on youth's petition or OPDC's motion. We allow reconsideration on youth's petition and, as explained below, adhere to our original opinion with two modifications. We deny OPDC's motion.

*Reference to ORS 419C.411 on Page 486*. Youth first takes issue with our reference to ORS 419C.411 on page 486 of the opinion. Youth acknowledges that the juvenile court must "consider the ORS 419C.411 factors in any disposition." He argues, however, that "ORS 419C.478 provides an additional limitation to any disposition that removes a child from their parents' custody"; that the best-interest determination under ORS 419C.478(1) is "separate and distinct from the generally applicable dispositional considerations found in ORS 419C.411" and requires "a standalone determination"; and that our reference to ORS 419C.411 on page 486 undermines that principle.

We agree that the juvenile court must consider the ORS 419C.411 factors in making any disposition in a delinquency case. ORS 419C.411 plainly says so. We also agree that, if the chosen disposition involves placing the youth in OYA custody, the juvenile court must make written findings as to why that placement is in the youth's best interest. ORS 419C.478(1) plainly says so, as did we. *See T. J. L.*, 335 Or App at 482.

It is not entirely clear to us why youth views the reference to ORS 419C.411 on page 486 as undermining the best-interest requirement. In making any disposition,

ORS 419C.411 requires the juvenile court to consider five factors, allows it to consider six additional factors, and further allows it to consider any other relevant factors or circumstances raised by the parties. If the chosen disposition is placement with OYA, then the court must make written findings "describing why it is in the best interests of the adjudicated youth to be placed with the youth authority * * *." ORS 419C.478(1). Logically, the factors that drive the best-interest determination must be some subset of the factors that drive the disposition generally, as there is a single disposition. We agree, however, that not all of the ORS 419C.411 factors may be relevant to the best-interest determination and that the court should rely only on those that are.

    To avoid any potential confusion, we modify the passage on page 486 as follows:

> "We do not view the court as having conflated punishment with accountability, as youth contends, or as having lost sight of the need to determine what placement was in youth's best interests. Rather, we view it as having appropriately weighed a number of considerations ~~as contemplated by ORS 419C.411,~~ in a difficult case, to decide how best to ensure that youth will obtain the treatment that he needs while remaining under close enough supervision to avoid another tragedy, including one that might lead to youth's own serious injury or demise."

That modification does not change our analysis or our conclusion that the juvenile court did not err in any way asserted by youth in his opening brief.

    *Footnote 5 on Page 486.* The other aspect of our opinion for which youth seeks reconsideration is footnote 5, in which we addressed youth's argument that there is a "presumption" of parental placement in all juvenile delinquency adjudications and that the state must "overcome" that presumption before a youth may be placed with OYA. *T. J. L.*, 335 Or App at 486 n 5. We stated in the footnote that we considered it more useful to speak in terms of the statutory language—best interest of the youth—than to speak in terms of presumptions that need to be overcome, even if there might be little practical difference. *Id.* On reconsideration, youth contends that

footnote 5 is legally incorrect because, "as a matter of constitutional law, the best-interest requirement must incorporate the principle that a child is presumptively best served by being raised within their family, absent a 'firm factual basis' for the state to remove them from their parents."

In our view, youth reads too much into footnote 5. This is not the right case to expound on the issue, however, given that this youth was 18 years old at the time of adjudication, and given that both the state and the juvenile court clearly recognized that youth should remain in his parents' home unless placement with OYA was in his best interest. Under the circumstances, rather than say more, we choose to say less. We hereby delete footnote 5, so as to avoid too much being read into it. That modification does not change our analysis or our conclusion that the juvenile court did not err in any way asserted by youth in his opening brief.

*Motion to Appear as* Amicus Curiae. Finally, we address the motion to appear as *amicus curiae*. On the same day that youth filed his petition, OPDC filed its motion and a proposed *amicus curiae* brief. Although the brief purports to be "in support of" youth's petition, OPDC does not support any position ever taken by youth. Rather, OPDC disagrees with youth, the state, and our opinion as to the applicable standard of review. *See T. J. L.*, 335 Or App at 483 (discussing standard of review). It asks that we revisit that issue in response to new arguments, adopt its proposed standard of review, and reconsider our decision under that standard of review. OPDC acknowledges that its motion comes two-and-a-half years late but argues that there is "good cause" for it to appear at this juncture. *See* ORAP 8.15(4)(a) ("In the Court of Appeals, [u]nless the court grants leave otherwise for good cause shown, the motion shall be filed within seven days after the due date for the party with whom the movant is aligned or, if unaligned, seven days after the due date for the opening brief.").[1]

We deny the motion to appear as *amicus curiae*. It is, to say the least, extremely unusual to receive such a motion after we have issued an opinion, let alone one seeking to take a position contrary to that of the parties. As such, the circumstances too would need to be extraordinary for us to

---

[1] Youth filed his opening brief on June 14, 2022.

grant what amounts to a nonparty petition for reconsideration. We do not find the circumstances here to be extraordinary. The parties agreed on the applicable standard of review, as did we. OPDC is wrong to assume that we did not "independently analyze" the standard of review before stating it in the opinion. Further, OPDC's argument is misaligned with the issues actually presented on appeal. OPDC argues that whether the evidence was "legally sufficient" to allow OYA placement should be reviewed as a question of law. But youth did not challenge the evidence's legal sufficiency. Rather, youth argued that the juvenile court gave too much consideration to "accountability" in making its best-interest determination and thus abused its discretion. *T. J. L.*, 335 Or App at 479, 483-84. The motion is denied.

*Conclusion.* To summarize, we allow reconsideration on youth's petition. We modify page 486 of our original opinion by (1) omitting the phrase "as contemplated by ORS 419C.411," and (2) omitting footnote 5. We adhere to our former opinion with those modifications. We deny OPDC's motion.

Motion to appear as *amicus curiae* denied. Reconsideration allowed; former opinion modified and adhered to as modified.