No. 717 August 6, 2025 529

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. J. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

L. J. M.,
*Appellant.*

Yamhill County Circuit Court
22JU01953; A181355

Jennifer K. Chapman, Judge.

Argued and submitted April 11, 2025.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Jurisdictional judgment reversed and remanded for entry of judgment reflecting adjudication for a single count of sexual abuse in the first degree for the conduct constituting Counts 1 and 3; otherwise affirmed. Dispositional judgment vacated and remanded for written findings under ORS 419C.478(1).

**SHORR, P. J.**

Youth appeals from two judgments of the juvenile court. The first judgment adjudicated youth as being within the delinquency jurisdiction of the juvenile court for conduct which, if committed by an adult, would constitute four counts of first-degree sexual abuse, ORS 163.427 (Counts 1, 3, 4, and 5), and one count of first-degree rape, ORS 163.375 (Count 6).[1] In the dispositional judgment, the juvenile court committed youth to the custody of the Oregon Youth Authority (OYA) for placement in a youth correctional facility. Youth raises two assignments of error, encompassing three arguments. In his first assignment, youth asserts that the juvenile court plainly erred when it failed to merge two of the counts of sexual abuse into a single adjudication. The state concedes the error and we accept the concession and reverse and remand the jurisdictional judgment for merger of Counts 1 and 3. In his second assignment of error, youth asserts that the juvenile court erred in committing him to the custody of OYA for placement in a youth correctional facility. Youth both challenges the merits of that decision and asserts that the juvenile court's written findings regarding youth's best interests were insufficient. We conclude that the juvenile court did not abuse its discretion in committing youth to OYA custody, but the written findings were insufficient; we therefore vacate the dispositional judgment and remand for further written findings.

*Merger.* Youth asserts that the juvenile court plainly erred in failing to merge two counts of first-degree sexual abuse. Counts 1 and 3 related to conduct against a single victim during one incident, in which youth touched the victim's breast and buttocks. Under the anti-merger statute, such counts are not separately punishable unless separated by a sufficient pause. ORS 161.067(3)[2]; *State v. K. R. S.*, 298

---

[1] The juvenile court dismissed an additional count of first-degree sexual abuse (Count 2) at the close of the evidence.

[2] ORS 161.067(3) reads, in relevant part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated

Or App 318, 331, 449 P3d 511 (2019) (noting that the anti-merger statute applies in the juvenile context). The state concedes that there was insufficient evidence presented to establish that there was a sufficient pause in youth's conduct to separate the two acts, and agrees that the juvenile court plainly erred in failing to merge the adjudications. We accept the concession and exercise our discretion to correct the error in light of the gravity of the error and the seriousness of the charges, as we have done in past juvenile delinquency cases. *See, e.g.*, *State v. C. K. O. P. O.*, 311 Or App 447, 448, 487 P3d 68 (2021) (accepting state concession regarding merger in a delinquency case and exercising discretion to correct the error); *State v. D. M. B.*, 300 Or App 817, 452 P3d 1084 (2019) (same).

*Dispositional decision*. With respect to the dispositional judgment, we begin with the merits of the court's decision to commit youth to the custody of OYA. "We review the juvenile court's dispositional decision regarding placement of a delinquent youth for abuse of discretion." *State v. T. J. L.*, 335 Or App 477, 483, 558 P3d 855 (2024), *adh'd to as modified on recons*, 337 Or App 600, 564 P3d 503 (2025). "'[A] trial court may abuse its discretion if its decision is based on * * * predicate factual determinations that lack sufficient evidentiary support.'" *State v. M. B.*, 341 Or App 334, 339, ___ P3d ___ (2025) (quoting *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (alterations in *M. B.*)).

Under ORS 419C.411, a court is required to consider several factors "in determining the disposition of the case," including, but not limited to, the gravity of the harm caused by the youth's conduct, whether the conduct was committed in an aggressive, violent, premeditated, or willful manner, and the youth's juvenile court record and response to previously imposed conditions. ORS 419C.411(3). The court may also consider additional factors such as the youth's mental, emotional, and physical health and the results of any mental health or substance abuse treatment. ORS 419C.411(4).

We have reviewed the record and conclude that it contains sufficient evidence for the juvenile court to determine

---

from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

that commitment to OYA custody for placement in a correctional facility was in youth's best interests. At the dispositional hearing, the court heard testimony from youth's probation officer and the juvenile department manager, who testified regarding youth's risks for recidivism, both generally and specifically with respect to sexual offenses, and discussed the various resources available to youth both in the community and through a youth correctional facility. The juvenile department manager also discussed in detail a psychological evaluation that was performed on youth, and the various factors that led to the assessment that youth was at a higher-moderate risk of reoffending. The manager ultimately recommended placement in a youth correctional facility based on the lack of evidence that youth would be successful in a community placement, his lack of protective factors, and his low ability to regulate and manage his anger, sexual desires, or impulsivity. In its oral ruling, the court noted that the number one goal of the juvenile delinquency framework is rehabilitation and that success in youth's case could only be hoped for with the level of treatment available in a higher level care facility.

Although youth presents a different interpretation of the court's findings and an alternative view of what is in his best interests, we conclude that the juvenile court did not abuse its discretion in ruling as it did.

*Written findings.* Finally, youth asserts that the juvenile court's written findings as to his best interests were inadequate and insufficient under ORS 419C.478(1) to justify and support the decision to commit him to OYA custody in a youth correctional facility. We agree with youth that the written findings do not satisfy ORS 419C.478(1) and accordingly vacate the judgment and remand for written findings.

ORS 419C.478(1) authorizes the juvenile court to "place an adjudicated youth who is at least 12 years of age in the legal custody of [OYA] for care, placement and supervision" and requires that, in the order doing so, the court "include written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]." We review the sufficiency of the juvenile court's written

findings pursuant to ORS 419C.478(1) for legal error. *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023).

In the dispositional judgment, the juvenile court included the following:

> "The Court finds that, pursuant to ORS 419C.478(1), it is in the best interest and welfare of the youth that he be placed in the legal custody of the Oregon Youth Authority, State of Oregon, for placement in a youth correctional facility. There is no less restrictive placement that will assure the youth will conform his conduct to the law and other conditions that may be imposed to protect the best interests of the youth or community."

We conclude that the court's findings do not reflect "the careful and explicit evaluation that is required under ORS 419C.478(1)." *State v. E. J. R.*, 341 Or App 488, 496, ___ P3d ___ (2025). In *E. J. R.*, we examined our recent case law on such best interests written findings and concluded that identical language in the judgment in that case was insufficient to satisfy the requirements of ORS 419C.478(1). *Id.* at 492, 496-99. We therefore vacate the dispositional judgment and remand for written findings.

Jurisdictional judgment reversed and remanded for entry of judgment reflecting adjudication for a single count of sexual abuse in the first degree for the conduct constituting Counts 1 and 3; otherwise affirmed. Dispositional judgment vacated and remanded for written findings under ORS 419C.478(1).