160 April 29, 2026 No. 350

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. E. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

E. E. C.,
*Appellant.*

Coos County Circuit Court
23JU03766, 23JU00794; A185933 (Control), A185934

Matthew P. Muenchrath, Judge.

Submitted March 19, 2026.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jentry Lanza, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Vacated and remanded.

**AOYAGI, P. J.**

At age 16, youth was found delinquent in two cases, based on conduct that would constitute reckless driving and third-degree assault if committed by an adult. Over the next nine months, he did not comply with his probation terms, particularly those related to substance abuse treatment and school attendance. The court committed youth to the custody of the Oregon Youth Authority (OYA), with the expectation of a community placement. On appeal, youth contends that the court erred in doing so or, at a minimum, made inadequate written findings under ORS 419C.478(1). As explained below, we reject the first argument, but we vacate and remand on the second basis.

*Written findings.* Under ORS 419C.478(1), a juvenile court placing a youth in OYA custody must include in its order "written findings describing why it is in the best interests of the adjudicated youth to be placed with" OYA. "It is legal error not to make the required written findings, irrespective of whether the record would support OYA custody." *State v. T. J. L.*, 335 Or App 477, 482, 558 P3d 855 (2024), *adh'd to as modified on recons,* 337 Or App 600, 564 P3d 503 (2025). Here, the court's written findings as to why OYA custody was in youth's best interests were as follows:

> "There are no means less restrictive at this time to keep the youth and community safe. Additional findings made on the record and incorporated herein."

Youth argues, and the state concedes, that those written findings were inadequate.

The claim of error is unpreserved, because youth did not object to the adequacy of the written findings when given the proposed judgment for review, so our review is limited to plain error.[1] *See State v. Culbertson*, 346 Or App 650, 651, 585 P3d 1142 (2026) (concluding that preservation

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If an error is plain and not harmless, we must decide whether to exercise our discretion to correct it. *State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024).

was not excused as to alleged error in judgment, where the defendant did not object "when the trial court provided the parties a proposed judgment and invited them to voice any objections").

We agree with the parties that the error is plain under existing case law. *See, e.g.*, *State v. E. S.*, 333 Or App 350, 354, 552 P3d 754 (2024) ("Findings that are ambiguous as to whether they are directed to the youth's best interests—versus being directed to what is in the best interests of the community, what is in the best interests of other individuals, what is administratively convenient, what is a justifiable punishment for a probation violation, or the like—will not survive appellate review and will result in remand for additional findings."); *State v. S. D. M.*, 318 Or App 418, 421, 506 P3d 1190 (2022) (written findings that youth violated his probation were insufficient to explain why OYA custody was in his best interests); *State v. D. B. O.*, 325 Or App 746, 529 P3d 1004 (2023) ("Regardless of community safety or other practical considerations leading to the youth's commitment, such as a probation violation, the mandate explicitly requires the findings to describe *why* it is in the *youth's* 'best interests' to be committed to OYA." (Emphases in original.)). We exercise our discretion to correct the error, given the significance that the legislature has attached to written findings.

In holding the written findings inadequate, we do not consider the juvenile court's oral findings, notwithstanding the incorporation language in the judgment. ORS 419C.478(1) requires written findings, not oral findings incorporated by reference. *See Dept. of Human Services v. A. H.*, 338 Or App 183, 188, 565 P3d 491 (2025) (concluding, in another context in which written findings were statutorily required, that allowing the court to "merely incorporate its oral findings by reference in the written judgment * * * would open the door to eviscerating the requirement for written findings altogether"). Although oral findings can be very helpful to the parties and the appellate court, they are not written findings for purposes of ORS 419C.478(1).

Finally, at oral argument, youth raised the issue of the scope of the remand proceeding, specifically positing

that the juvenile court can or should hold a new evidentiary hearing to consider youth's best interests with more current information. Youth reads *State v. D. J. P.*, 342 Or App 422, 425, 576 P3d 1043 (2025), as suggesting the possibility of a new hearing. The state took the position in response that, although the court has discretion to hold a new hearing, it is also allowed to simply make new written findings on the existing record, and the state opposed any suggestion that we instruct the court to hold a new hearing on remand. Because this issue was not briefed, we decline to address it. The juvenile court must, at a minimum, make new written findings. Beyond that, we express no opinion on the issue of taking new evidence and leave the parties to direct any arguments in that regard to the juvenile court.

*OYA commitment.* We now address youth's contention that the juvenile court erred in committing him to OYA custody at all. Youth argues that OYA custody "was not authorized because the court imposed it as punishment for youth's lackluster compliance with its school and treatment orders as opposed to *youth's best interests*, which is the touchstone of the applicable statute, ORS 419C.478(1)." (Emphasis in briefing.) As confirmed at oral argument, the crux of youth's argument is that the juvenile court's oral remarks evince that it committed youth to OYA custody for a legally impermissible reason.

The state suggests that we need not address the first assignment of error given our disposition of the second. Because we understand youth to be requesting different relief on the two claims of error, we are unpersuaded that we need not address both, and we proceed to the merits.[2]

---

[2] At oral argument, there was some discussion of this court's practices with respect to reaching (or not reaching) other assignments of error after vacating and remanding a judgment committing a youth to OYA custody based on inadequate written findings. The only specific example that has been cited, however, is *State v. D. A. C.*, 312 Or App 455, 456, 488 P3d 836 (2021), which we do not find helpful. *D. A. C.* is a one-paragraph opinion in which we accepted a concession of error as to inadequate written findings for OYA custody, then stated that it was unnecessary to address "youth's other assignment of error," without describing that assignment of error or explaining why it was unnecessary to address it. The general rule is that, when a party seeks different relief on two assignments of error, we must address a claim of error seeking different or greater relief even if the party prevails on a claim for other or lesser relief. *See, e.g.*, *DaMota v. Jahnig*, 329 Or App 746, 752, 542 P3d 497 (2023) (reaching additional assignments of

Having carefully reviewed the record, we are unpersuaded that the juvenile court's oral remarks evince an unlawful basis for committing youth to OYA custody. If anything, they tend to underscore the court's concern for youth's best interests. We therefore reject the first assignment of error.

Vacated and remanded.

---

error, despite already determining that a conditional remand was required, "because they could provide greater relief if defendants were to prevail" on them). We consider that general rule to apply here, because, based on the specific argument made in the first assignment of error in this case, we understand youth to be seeking different relief on the first assignment of error.